**Perget SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74062.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided Jan. 11, 2006.

Vinay R. Chari, Esq., Law Office of Virender Kumar Goswami, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, HAWKINS, and BEA, Circuit Judges.

## MEMORANDUM *

Petitioner Perget Singh ("Perget") challenges the denial of asylum relief based on an adverse credibility finding by the Immigration Judge ("IJ"). The IJ's adverse credibility finding was based on (1) Perget's marital situation, (2) his demeanor, (3) inconsistencies and vagueness in his testimony, and (4) inconsistencies in his supporting documentation. The Board of Immigration Appeals ("BIA") held the IJ erred in basing the credibility finding on Perget's marital situation and his demeanor, but affirmed the adverse credibility finding and adopted the IJ's findings regarding Perget's testimonial inconsistencies and vagueness as well as the inconsistencies in his documentation.

■ In order to support an adverse credibility finding, the IJ must identify inconsistencies that go to the heart of the claim. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Here, the minor inconsistencies identified by the IJ between Perget's testimony and that of other witnesses and the minor inconsistencies within Perget's own testimony did not go to the heart of Perget's claim.

■ Vagueness or the inability to articulate pertinent details regarding a claim can provide the basis for an adverse credibility finding. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004); *Singh–Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir.1999). But if an applicant provides details about the events surrounding the claim, the IJ cannot base an adverse credibility finding merely on the desire for more information, especially when the applicant has not been given notice that more details are necessary. *See Akinmade v. INS*, 196 F.3d 951, 957 (9th Cir.1999). Perget provided details of his experience pertinent to his claim and was not told that he needed to provide more information. Thus, the IJ erred in basing the adverse credibility finding on vagueness and lack of detail.

■ Supporting documentation is required only when the applicant's testimony

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

is insufficient, by itself, to support the claim. *See Salaam v. INS,* 229 F.3d 1234, 1239 (9th Cir.2000). Even where an applicant submits a potentially fraudulent document that goes to the heart of the claim, it cannot support an adverse credibility finding where the totality of the evidence weighs in favor of the applicant's credibility. *See Yeimane–Berhe v. Ashcroft,* 393 F.3d 907, 911 (9th Cir.2004). While Perget's documentation does contain inconsistencies, and some documents are impossible to authenticate, there is no credible evidence of fraud, and Perget's testimony is sufficient to support his claim without supporting documentation.

We remand pursuant to *INS v. Ventura,* 537 U.S. 12, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), for proceedings consistent with this disposition.

**PETITION GRANTED AND REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.